## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TREVOR L. HILTON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 15-2021-JAR |
| ) | |
| **SEDGWICK COUNTY, KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter is before the court on defendants' joint motion for protective order (**Doc. 28**) pursuant to Fed. R. Civ. P. 26(c). On June 24, 2015, the court conducted a telephone conference to discuss and clarify the issues presented in the briefs. Plaintiffs appeared through counsel, Christopher J. Stucky. Defendants Sedgwick County, Glenn Kurtz and Jeff Easter appeared through counsel, Arthur S. Chalmers and Michael L. North. Defendant Conmed, Inc. appeared through counsel, Tracy M. Hayes. Defendant Wesley Medical Center appeared through counsel, Benjamin J. Winters and John H. Gibson.

The parties conferred in good faith regarding the terms of a joint protective order and agreed to most terms. The parties agree that during the course of discovery it may be necessary to disclose certain confidential information, including personnel files, proprietary business records, trade secrets, jail records, policies and procedures, and records whose disclosure is restricted or prohibited by statute. They agree that items

within these categories of information may be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.  This protection of confidential information will assist in the discovery process and provide necessary protection for the confidential material.

The parties disagree, however, regarding three issues: 1) a "sharing provision" which would allow plaintiffs to share information with other potential litigants; 2) the procedure for challenging the designation of confidential documents; and 3) the return of confidential information at the conclusion of this case.  Each party proposes alternative language addressing these issues.  Because Fed. R. Civ. P. 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required,"[1] the court makes the findings below.

**1. Sharing provision.**

Plaintiffs propose a clause which would allow them to disclose confidential documents to "parties and their counsel engaged in litigation or anticipating litigation involving substantially similar issues to those raised in the present litigation."  Plaintiffs argue that allowing such sharing of discovery would further judicial economy, serve as a "check and balance" to the completeness of defendants' discovery responses, and increase access to justice for other litigants.

---

[1] *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06–2318–JWL–DJW, 2007 WL 756645, at *2 (D. Kan. Mar. 8, 2007) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).

2

In *United Nuclear Corp. v. Cranford Ins. Co.*,[2] the Tenth Circuit allowed modification of a protective order to permit collateral litigants to obtain information otherwise protected by a protective order; however, that case is distinguishable. That case had been terminated by settlement, and after its closure other entities sought intervention in order to seek access to discovery for use in collateral federal and state litigation with the same defendants. Unlike the present case, a known collateral action was already proceeding in *United Nuclear*.

Because plaintiffs can identify no pending litigation for which the sharing of discovery might become necessary, they seek a "preemptive" sharing provision. U.S. Magistrate Judge Teresa J. James recently denied a motion for this type of provision, finding that it would allow yet-unnamed plaintiffs to obtain confidential materials at the sole discretion of plaintiffs' counsel and "without any court supervision and without any opportunity for Defendants to object to the disclosure."[3] Rather than including a sharing provision at this stage, the court agrees with Judge James and finds it more appropriate to make a decision regarding the disclosure of confidential information to parties in collateral litigation "on a case-by-case basis during the course of this litigation." Therefore, defendants' motion for protective order is **GRANTED** to the extent that the Protective Order entered will <u>not</u> include a sharing provision.

---

[2] *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427-28 (10th Cir. 1990).
[3] *McKellips v. Kumho Tire Co. Inc*., No. 13-2393-JTM-TJJ, 2014 WL 3541726, at *1 (D. Kan. July 17, 2014) (citing *Holmes v. United Parcel Serv*., No. 04-2315-KHV-DJW, 2006 WL 1642719, at *3 (D. Kan. Feb. 16, 2006).

3

### 2. Procedure for challenging the designation of "confidential" documents.

The court's Form Protective Order and defendants' proposal state that the "party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge." Plaintiffs disagree with this procedure and assert that the procedure for objecting should match the burden of proof, which lies with the party making the designation.

Plaintiffs did not fully brief this issue and at conference noted that this issue was not a major point of dispute. Therefore, plaintiffs have not convinced this court to deviate from the Form Protective Order. Additionally, because "the challenging party has already identified what particular information or documents it is challenging, as well as its basis for each challenge during the initial conferring process, it is only practical that the same party file the motion to challenge the designation."[4] Therefore, defendants' motion for protective order is **GRANTED** to the extent that defendants' proposed language will be adopted for paragraph 8 of the Protective Order, "Challenges to a Confidential Designation."

### 3. Return of confidential information.

The United States District Court for the District of Kansas has established "Guidelines for Agreed Protective Orders" and a "Form Protective Order"[5] which include a provision requiring the return of confidential documents to the producing party after the

---

[4] *Johnson v. 3M Co.*, No. 14-2044-KHV-TJJ, 2014 WL 5849236, at *1 (D. Kan. Nov. 12, 2014).
[5] These guidelines are available at http://www.ksd.uscourts.gov/rules-sub-page/.

4

conclusion of litigation. The return of documents is a common practice in this district[6] and in many other districts, as well.[7] Defendants seek the form's standard language requiring return of confidential information.

However, plaintiffs seek to ensure the availability of any confidential information in the event that counsel is forced to defend against a malpractice or disciplinary action as a result of the current litigation. This court has addressed this specific issue twice recently; first in *Velasquez v. Philips Electronics N. Am. Corp.*,[8] and again in *Kramanak v. Kansas City, Kansas Public Schools*.[9] For the reasoning set forth in *Velasquez*, the court **DENIES IN PART** defendants' motion to the extent that a provision addressing retention of confidential materials for the sole purpose of defending a legal malpractice action shall be included in the Protective Order, paragraph 10(b).

---

[6] *See, e.g., Dung Kim Thi Lai v. Bank of Am., N.A.*, 13-1221-JWL-KGS, Doc. 24 (D. Kan. Dec. 20, 2013) (unpublished); *Lynn v. Maddox*, 12-3104-MLB-KGG, Doc. 88 (D. Kan. Sept. 18, 2013) (unpublished); *Hawkins v. Hopkins*, 12-2553-JAR-KMH, Doc. 23 (D. Kan. Jan. 9, 2013) (unpublished); *MGP Ingredients, Inc. v. Mars, Inc*., 06-2318-JWL-DJW, Doc. 56 (D. Kan. Mar. 5, 2007) (unpublished). This is but a small example of the numerous orders entered which include a similar provision.

[7] *See, e.g., Rohrbough v. Harris*, 549 F.3d 1313, 1329 (10th Cir. 2008) (discussing protective order requiring return of confidential information "promptly after the termination" of the action); *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119, at *2 (E.D. La. Aug. 16, 2007) (requiring return of confidential documents within 30 days of the conclusion of litigation); *A Major Difference, Inc. v. Wellspring Products, LLC*, 243 F.R.D. 415, 420 (D. Colo. 2006) (including a provision requiring return of confidential documents within 30 days of the completion of the action); *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 389 (D. Colo. 2000) (reciting court's standard protective order, including a provision requiring return of confidential information to the producing party).

[8] No. 13-1463-DDC-KMH, Protective Order, Doc. 16 (D. Kan. April 10, 2014).

[9] No. 14-2614-JAR-KMH, Joint Protective Order, Doc. 14 (Mar. 26, 2015).

6

**IT IS THEREFORE ORDERED** that for good cause shown under Fed. R. Civ. P. 26(c), the court **GRANTS IN PART and DENIES IN PART** the defendant's motion for protective order (**Doc. 28**) as set forth above. The court will enter a separate Protective Order consistent with the rulings in this order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 25th day of June 2015.

      s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge